# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **OMAR STEELE**, * | |
| * | |
| Petitioner, * | |
| * | |
| v. * | Civil Action No. RWT-16-2713 |
| * | (Related Crim. Case No. RWT-12-0014) |
| **UNITED STATES OF AMERICA**, * | |
| * | |
| Respondent. * | |

## MEMORANDUM OPINION

Petitioner was convicted of conspiracy to distribute and possess with intent to distribute significant quantities of cocaine and heroin in Maryland and elsewhere between 2010 and January 2012. ECF No. 413. The leader of the conspiracy was Saul Calderon Mata, with whom Petitioner had close contact regarding drug purchasing and distribution. ECF No. 644 at 3. On January 9, 2012, the grand jury returned the original Indictment charging eight defendants, including Petitioner, with a single count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. ECF No. 1. On January 30, 2012, the grand jury returned a Superseding Indictment adding three additional defendants. ECF No. 68. On February 4, 2013, the grand jury returned a sixteen-count Second Superseding Indictment that charged Petitioner with: (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count 1); (2) Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856 (Count 2); (3) violation of the Travel Act, 18 U.S.C. § 1952 (Count 3); (4) Possession with Intent to Distribute Controlled Substances, in violation of 18 U.S.C. § 841 (Count 4); and (5) Use of a Communications Device to Facilitate Narcotics Trafficking, in violation of 21 U.S.C. § 843(b) (Counts 5, 6, 7).

Following a four-week trial, Petitioner was found guilty on April 19, 2013 on all counts. On August 27, 2013, Petitioner was sentenced to 192 months' imprisonment. All aspects of Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on April 24, 2015. ECF No. 580. On July 27, 2015, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 625.

## STANDARD OF REVIEW

Petitions filed *pro se* are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Under 28 U.S.C. § 2255, a prisoner in custody may move the court to vacate, set aside, or correct a sentence if he can prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.*; *see also Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## DISCUSSION

Petitioner alleges that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment during the trial phase of his case, during sentencing, and on appeal. ECF No. 625. Petitioner argues that his trial and appellate counsel, Kira West, was ineffective in

2

four ways: (1) by failing to obtain a plea agreement on Petitioner's behalf, ECF No. 625-1 at 14; (2) by failing to object effectively to a 2-point gun enhancement at sentencing, *id.* at 17; (3) by failing to challenge this Court's guideline calculation on appeal, *id.* at 18; and (4) by failing to challenge the forfeiture of a gold pendant, *id.* at 19.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 669. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

For the reasons that follow, the Court concludes that Petitioner is entitled to an evidentiary hearing on his first ground for relief. Each of the other grounds will be dismissed.

I. **Petitioner is entitled to an evidentiary hearing regarding his counsel's performance in the plea negotiation process.**

The Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 162-63. "Even if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence." *Id.* at 166. In order to "show prejudice from ineffective assistance of counsel where a plea offer has. . .been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.*

The Government argues that "Petitioner fails to allege or provide specific facts that the Government ever extended a plea agreement to resolve his case," and that the "Petitioner consistently wished to bring his case to trial and declined to enter a guilty plea." ECF No. 644 at 7-8. "More fundamentally," the Government argues, "Petitioner fails to establish that the Government would have extended a plea offer to him that he would have been willing to accept or even that the Government was willing to extend a plea offer to him to resolve his case, short of trial at all." *Id.* at 8. The affidavit from Ms. West reiterates that Petitioner wrote her a letter in October 2012 in which he expressed that he would only take a plea deal providing for a maximum of 6-8 years' imprisonment. ECF No. 644-1 ¶ 3.

However, Petitioner has provided the Court with a letter he wrote to Ms. West in November 2012, in which he "begged" her to speak with the prosecution about obtaining a plea offer on his behalf, and at no point does he state that he is willing to accept a plea deal of only 6-8 years. ECF No. 647-1 [sealed]. He also provided Ms. West's response (in which she, notably, purports to answer his "numerous letters"), stating that the Government had "not offered a plea," but that if he "were to plead," the government would "want [him] to be responsible for 5-50 kilos of cocaine and one kilo of heroin," and that his sentence would likely fall in the range of 97-121 months. *Id.* She says that she "[didn't] think that is giving [him] too much." *Id.* She also notes that if Petitioner cooperated, the government would "consider giving [him] 2-4 levels additional off level 30 so maybe [he] would be at level 26." *Id.* Under the 2013 United States Sentencing Guidelines, a criminal history category of I and offense level of 26 would have yielded a recommended range of 63-78 months. U.S. SENTENCING GUIDELINES MANUAL, Sentencing Table (U.S. SENTENCING COMM'N 2013).

Additionally, the Government's dealings with Petitioner's co-defendants render its argument that it would not have been willing to extend Petitioner a plea offer questionable at best. The Government offered—and this Court accepted—plea agreements between the Government and eight of Petitioner's ten co-defendants. *See* ECF Nos. 158, 177, 233, 242, 249, 273, 285, 354. Most notably, the Government extended a plea agreement to Saul Calderon Mata, whom the Government describes as the center of the conspiracy. *See* ECF No. 644 at 2 ("The Government's case centered on Saul Calderon Mata").[1] The Court cannot conclusively determine that the Petitioner "fail[ed] to establish that the Government would have extended a

---

[1] Mr. Mata ultimately received a sentence of 144 months' imprisonment, which was 48 months shorter than the sentence Mr. Steele received. ECF No. 468.

plea offer to him," *see* ECF No. 644 at 8, when it was willing to do so for eight of the eleven defendants in the case, including the leader of the conspiracy.

Contrary to the Government's assertions, Petitioner has provided some evidence that he desired to plead guilty, that the Government may have been willing to offer him a plea agreement, and that if it had been offered and accepted, he could have received a lower sentence by up to 95 months. Petitioner asserts that Ms. West "strenuously advised [him] to reject" the offer outlined above because "the Government had no competent evidence to prove that [he] was involved in a drug conspiracy" and because the "Government was not offering much in exchange for [his] plea." ECF No. 648 at 6. Because of the discrepancy between the Government's and Petitioner's account of Petitioner's willingness to accept a plea offer and the advice given by counsel to Petitioner, the Court cannot "conclusively [determine] that the prisoner is entitled to no relief," *see* 28 U.S.C. § 2255(b), and thus Petitioner is entitled to an evidentiary hearing.

## II. Counsel's performance in the sentencing phase was objectively reasonable.

Petitioner argues that "CJA West provided constitutionally deficient performance in her arguments before the sentencing court that resulted in the calculation of an inaccurate advisory guideline range," and that "there was a far more effective means to object to the 2-point gun enhancement." ECF No. 625 at 17. He argues that Ms. West should have made a "legal argument" based on the "unacceptable disparity of sentence between co-defendants." *Id.*

As the Government points out, Ms. West filed a sentencing memorandum in which she vigorously contested the application of the gun enhancement, making extensive arguments grounded in case law. *See* ECF No. 496 at 4-8. That Petitioner believes there were "far more effective means" to make this argument does not suffice to show that counsel made errors so serious that she "was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *See Strickland*, 466 U.S. at 689. Moreover, Petitioner is unable to show that the alleged "far more effective means" to make this argument would have been accepted by the Court. Therefore, he fails on both the performance and prejudice prongs of *Strickland*.

### III. Counsel's performance on appeal was objectively reasonable.

Petitioner argues that West was ineffective on appeal because she failed to challenge this Court's guideline calculation at sentencing. ECF No. 625 at 18. The Fourth Circuit will presume that appellate counsel "decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not required to present "all issues on appeal that may have merit." *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). It is only "when ignored issues are clearly stronger than those presented," that the "presumption of effective assistance of counsel [will] be overcome." *Id.*

Petitioner has not made a showing sufficient to overcome the presumption of effective assistance, as he has not made any showing that the guidelines calculation issue was "clearly stronger" than the issues Ms. West did present on appeal. Moreover, the fact that Petitioner wanted her to raise the issue on appeal does not mean that counsel was obligated to do so. Rather, a "criminal defense attorney is obligated to follow [her] client's wishes only with regard to the fundamental issues that must be personally decided by the client," which are "pleading guilty, waiving a jury, taking the stand, and appealing a conviction or sentence." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). Here, Ms. West followed Petitioner's decision to pursue an appeal, and pursued the issues she believed were the strongest. There is nothing to indicate that the presumption of effectiveness of Ms. West's appellate performance should be overcome. *See Lawrence*, 517 F.3d at 709. Because the guidelines calculation issue was not

clearly stronger than the issues she did present on appeal, Petitioner's ineffective assistance of counsel claim on this ground must be denied.

**IV.     Challenges to forfeiture orders are not cognizable under 28 U.S.C. § 2255.**

Petitioner's last ground for his ineffective assistance of counsel claim is that Ms. West "rendered constitutionally deficient performance by not challenging [his] pendant's forfeiture." ECF No. 625 at 19. 28 U.S.C. § 2255(a) encompasses only challenges to the petitioner's custody or confinement due to a constitutionally infirm sentence. Because the forfeiture proceedings are unrelated to Petitioner's confinement status, this claim is not cognizable under this statute. *See Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) ("§ 2255 affords relief only to those prisoners who claim the right to be released from custody"); *see also United States v. Abdelshafi*, Crim. No. 07-cr-428-HEH, 2013 WL 4773978, at *4 (E.D. Va. Sept. 5, 2013) (because an ineffective assistance claim based on failure to challenge money forfeiture judgment "fails to implicate Abdelshafi's custody or confinement, he cannot pursue it in a 28 U.S.C. § 2255 motion").

**V.     Conclusion**

For the reasons discussed above, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 will be granted in part insofar as he requests an evidentiary hearing on his counsel's alleged ineffective assistance during the plea bargaining stage. All of his other grounds for relief will be denied. A separate Order follows.

<u>Date</u>:  June 22, 2017                                      <u>            /s/            </u>
                                                                                ROGER W. TITUS
                                                                   UNITED STATES DISTRICT JUDGE